IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TINA C. NGUYEN, O.D.
3882 Waythorn Place
Fairfax, VA 22033

       Plaintiff,

v.

VOORTHUIS OPTICIANS, INC.
3301 New Mexico Ave., N.W.
Washington, DC 20016

and

REBECCA VOORTHUIS, O.D.
5700 Harwick Drive
Bethesda, MD 20816

      Defendants.

CASE NUMBER  1:06CV00485

JUDGE: Emmet G. Sullivan

DECK TYPE: General Civil

DATE STAMP: 03/14/2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant Rebecca Voorthuis, O.D., by and through the undersigned counsel, pursuant to 28 U.S.C. § 1441, removes this action to this Court from the Superior Court of the District of Columbia, in which court it has Case Number 06-ca-1951, and in support thereof state as follows:

1.    Plaintiff is a citizen of the Commonwealth of Virginia.

2.    Defendant Voorthuis Opticians, Inc., is a District of Columbia corporation with a principal place of business in the District of Columbia.  It has not been served in this action as of the filing of this Notice of Removal.

3.    Defendant Rebecca Voorthuis is a citizen of Maryland.

4.    Plaintiff being a citizen of Virginia, and Defendants

being citizens of the District of Columbia and Maryland, and the amount in controversy being in excess of $75,000.00, this Court has jurisdiction over this action under 28 U.S.C. 1332.

5.    None of the parties in interest properly joined and served being citizens of the District of Columbia, this action is removable under 28 U.S.C. § 1441(b).

6.    Copies of all process, pleadings, and orders filed in the D.C. Superior Court are attached hereto.  Service of process has not yet been effected.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

WHEREFORE, this action is hereby removed to the United States District Court for the District of Columbia.

Dated: March 14, 2006.

Respectfully submitted,

Daniel M. Press    #419739
CHUNG & PRESS, P.C.
6723 Whittier Ave., Suite 302
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Defendant
Rebecca Voorthuis

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2006, I caused a copy of the foregoing Notice of Removal to be served by First Class Mail, postage prepaid, upon counsel for Plaintiff, addressed to:

> Larry J. Stein, Esq.
> Allen E. Hirschman, Esq.
> 2009 N. 14th Street, Suite 708
> Arlington, VA 22201

In addition, a copy hereof is being filed in the office of the Clerk of the Superior Court of the District of Columbia, 500 Indiana Ave., N.W., Washington, DC 20001.

Daniel M. Press



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TINA C NGUYEN
Vs.
VOORTHUIS OPTICIANS, INC.

C.A. No.      2006 CA 001951 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. GOODEN-TERRELL
Date:  March 9, 2006
Initial Conference: 9:15 am, Friday, June 09, 2006
Location:  Courtroom 219
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Tina C. Nguyen, O.D.
_____ *Plaintiff*

vs.

Voorthuis Opticians, Inc.
and
Rebecca Voorthuis
_____ *Defendant*

06-0001951

Civil Action No. _____

## SUMMONS

To the above named Defendant: ~~Voorthuis Opticians, Inc.~~ ; Rebecca Voorthuis

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Larry J. Stein
_____
Name of Plaintiff's Attorney

2009 N 14th St. Suite 708
_____
Address

Arlington, VA 22201

703 812 7880
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

Form CV(6)-456/Mar. 02

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

*Tuol Nguyen, OD*

*Plaintiff*

vs.

*Voorthuis Opticians, Inc.*
*and*
*Rebecca Voorthuis, OD*

*Defendant*

06-0001951

Civil Action No. _____

### SUMMONS

To the above named Defendant: *Voorthuis Opticians, Inc.*

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.



Name of Plaintiff's Attorney

Address

Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

TINA C. NGUYEN, OD
3882 WAYTHORN PLACE
Fairfax, Virginia 22033

    Plaintiff,

  v.

VOORTHUIS OPTICIANS, INC.
3301 New Mexico Avenue, N.W.
Washington, DC 20016

and

REBECCA VOORTHUIS, OD
5700 Harwick Drive
Bethesda, Maryland 20816

Serve: Daniel M. Press, Esq.
   6723 Whittier Avenue, Suite 302
   McLean, VA 22101

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

06-0001951

CIVIL ACTION NO.

RECEIVED
Civil Clerk's Office

MAR 0 9 2006

Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**

**COUNT ONE**

(DECLARATORY JUDGMENT)

–1–

1. The Plaintiff, Tina C. Nguyen, OD ("Dr. Nguyen"), is an optometrist licensed to practice in several states including the District of Columbia and the Commonwealth of Virginia.

2. Upon information and belief, the Defendant, Voorthuis Opticians, Inc. (the "Company") is a District of Columbia corporation primarily engaged in the business of selling optometric products. At all times referred to herein, the Company had commercial retail space in Virginia, Maryland, and the District of Columbia, and would be considered a "commercial or mercantile establishment" as that term is defined in section 54.1-3205 of the 1950 Code of Virginia, as amended. At all times referred to herein, the Company has never been a health care entity or a health care provider as those terms are defined in the Code of Virginia.

3. Upon information and belief, the Company has offered optometric *optical)* services in Virginia for a period of time in excess of 30 years.

4. Upon information and belief, the Defendant, Rebecca Voorthuis (Dr. Voorthuis), is an optometrist.

5. Prior to Dr. Nguyen accepting employment with the Company, and because it was anticipated that she would spend most of her time in the Company's Virginia locations, Dr. Nguyen inquired of the Company whether, in light of the Virginia Code prohibition

–2–

against employment of optometrists by commercial or mercantile establishments, she was permitted to be employed by the Company and provide medical services in Virginia. In response thereto, the Company, intentionally, maliciously, fraudulently, and in reckless disregard of the truth, and with the intent to deceive and mislead Dr. Nguyen, assured Dr. Nguyen that the Virginia Code prohibition did not apply based, first, on a "loophole" in the law that allowed the Company to hire optometrists because the Company was headquartered in the District of Columbia, and, second, that Rebecca Voorthuis was a licensed optometrist, and that the Company, as a "family owned business," was thus was not subject to the Virginia code prohibition. The only reason for the latter statement was to mislead Dr. Nguyen into believing that Dr. Voorthuis owned the "family owned business"; thus Dr. Nguyen would be employed by Dr. Voorthuis, an optometrist – and not by the Company – and that the Virginia Code prohibition would not, therefore, apply to Dr. Nguyen. At the time the aforesaid misrepresentations were made to Dr. Nguyen, the Company knew, or should have known, that its representations were false.

6. In reliance upon the aforesaid misrepresentations, Dr. Nguyen accepted the Company's offer of employment, and became a full-time employee of the Company on or about May 28, 2003.

7. From May 28, 2003, until January 18, 2006 (the "Employment Period"), the overwhelming majority of Dr. Nguyen's time practicing optometry for the Company

–3–

occurred at the Company's location in Old Towne Alexandria at 530 King Street, Alexandria, Virginia 22314.

8. During the Employment Period, Dr. Nguyen treated several thousand patients at the Company's Virginia locations ("Virginia Patients"), and maintained a separate health record file for each of the Virginia Patients. Each one of the thousands of health record files of the Virginia Patients consisted of an initial intake page containing general information about the patient including his or her past medical history, a second page reflecting the result of Dr. Nguyen's medical examination, and one or more pages for each subsequent visit by the patient consisting of a shorter version of the initial intake page. Collectively, these health records, in which Dr. Nguyen was the only optometrist providing medical services, shall hereinafter be referred to as the "Virginia Health Records." While employed by the Company, Dr. Nguyen kept the Virginia Health Records at the Company's Virginia locations, but, at all times, the Virginia Health Records were the property of Dr. Nguyen.

9. On or about January 6, 2006, Dr. Nguyen was informed that, because she was practicing optometry as an employee of the Company and not as an employee of Dr. Voorthuis, she was in violation of the Virginia statute prohibiting employment by commercial or mercantile establishments. Immediately thereafter, when Dr. Nguyen confronted the Company with this information, the Company reiterated its previous

-4-

position that a "loophole" in the law allows the Company to hire optometrists because the Company is headquartered in the District of Columbia.

10.  Effective January 7, 2006, Dr. Nguyen ceased treating any of her patients, while she waited for the Company to act on its assurance that it would quickly effect a corporate change to bring it into compliance with Virginia law.  As of this date, the Company was satisfied with Dr. Nguyen's work, and had no present intent to terminate her employment.

11. On January 12, 2006, Dr. Nguyen informed the Company that she would not report for work in its District of Columbia location because the Company could not offer legal assurance that she was protected by the Company's medical malpractice insurance policy.

12. On January 18, 2006, Dr. Nguyen was threatened with dismissal by the Company unless she reported for work on January 19, 2006, based upon the Company's position that her refusal to report for work "will mean [she has] decided to abandon your position with our organization, and we will be forced to respond accordingly."

13.  On January 18, 2006, following the Company's threat to dismiss her, Dr. Nguyen resigned from the Company.

–5–

14. At the time of her resignation, the Company was paying Dr. Nguyen an annual salary of $108,000.

15. Pursuant to Regulations issued by the Virginia Board of Optometry, a licensed optometrist, such as Dr. Nguyen, must "maintain records on each patient" for at least five years.

16. Pursuant to Code of Virginia §§ 8.01-581.1, and 32.1-127.1:03, the Virginia Health Records belong to and are the property of Dr. Nguyen.

17. By letter dated January 26, 2006, to the Company, Dr. Nguyen demanded, among several items, possession of the Virginia Health Records so that she can fulfill her obligations to those patients under the Virginia statute and regulations.

18. By letter dated February 2, 2006, the Company rejected Dr. Nguyen's demand for the Virginia Health Records, declaring that the medical records "are and will remain in the custody of Rebecca Voorthuis, O.D." The Company and/or Dr. Voorthuis have taken exclusive possession of the Virginia Health Records without proper justification or process, and presently retain physical possession of those records.

19. Dr. Voorthuis is not the treating physician with respect to the patients identified in the Virginia Health Records, and has no ownership interest or rights in the Virginia

–6–

Health Records under Virginia law. However, Dr. Voorthuis is joined as a party defendant in this case solely based upon the written representation by counsel for the Company that Dr. Voorthuis somehow has obtained possession of the Virginia Health Records. If that representation is true, Dr. Voorthuis' presence, as a party, would be required for the Court to have all persons before it in order to provide complete relief with respect to the right to the Virginia Health Records.

WHEREFORE, the premises considered, Dr. Nguyen requests that the Court enter an order declaring that the Virginia Health Records are the property of Dr. Nguyen, and that the Company and/or Dr. Voorthuis promptly deliver the Virginia Health Records to Dr. Nguyen, and that all costs be assessed against Defendants.

## COUNT II

## (DETINUE)

20. All of the allegations contained in paragraphs 1-19 are incorporated herein as if set forth verbatim.

21. Based upon the foregoing, the Company and/or Dr. Voorthuis improperly maintain possession of the Virginia Health Records, and have refused to turn them over to Dr. Nguyen.

22. Dr. Nguyen is entitled to the immediate possession of the Virginia Health Records.

WHEREFORE, the premises considered, Dr. Nguyen demands that the Court enter a judgment in her favor and against the Company and Dr. Voorthuis for possession of the Virginia Health Records, and assess all costs against Defendants.

### COUNT III
### (BREACH OF CONTRACT)

23. All of the allegations contained in paragraphs 1-22 are incorporated herein as if set forth verbatim.

24. The aforesaid representations made to Dr. Nguyen immediately prior to her employment by the Company constitute a breach by the Company of the parties' agreement, and, in particular, the implied covenant of good faith and fair dealing.

25. As a result of the foregoing breach of contract, Dr. Nguyen has suffered damages in the sum of $18,000, and continues to suffer damages in the sum of $9,000 a month.

WHERFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $18,000, plus $9,000 a month until judgment is entered, interest, and costs of this litigation.

## COUNT IV

### (FRAUD)

26. All of the allegations contained in paragraphs 1-25 are incorporated herein as if set forth verbatim.

27. As a direct and proximate result of the aforesaid intentional, malicious, and fraudulent representations by the Company, as set forth in paragraph 5 above, in reckless disregard of the truth, and with the intent to deceive and mislead Dr. Nguyen, and upon which Dr. Nguyen relied, Dr. Nguyen has suffered damages of approximately $9,000 per month, and will continue to incur damages of $9,000 a month until judgment is entered, plus, during this period of time, loss of the Company's contribution to her health insurance and 401(k) retirement plan, all in the approximate sum of $130,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $130,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT V

### (CONSTRUCTIVE DISCHARGE)

-9-

28. All of the allegations contained in paragraphs 1-27 are incorporated herein as if set forth verbatim.

29. As a result of the foregoing, Dr. Nguyen has suffered damages of approximately $9,000 per month, and will continue to incur damages of $9,000 a month until judgment is entered, plus, during this period of time, loss of the Company's contribution to her health insurance and 401(k) retirement plan, all in the approximate sum of $130,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $130,000, interest, and costs of this litigation.

## COUNT VI

### (UNLAWFUL SEIZURE AND/OR DETENTION OF PROPERTY)

30. All of the allegations contained in paragraphs 1-29 are incorporated herein as if set forth verbatim.

31. The aforesaid actions of the Company and/or Dr. Voorthuis by refusing to give the Virginia Health Records to Dr. Nguyen, and to claim that those records do not belong to Dr. Nguyen, is indicative of the Company's and/or Dr. Voorthuis' willful disregard of the rights of Dr. Nguyen.

–10–

32. As a direct and proximate result of the aforesaid willful disregard of Dr. Nguyen's rights by the Company and/or Dr. Voorthuis, Dr. Nguyen has suffered damages of approximately $20,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. and Dr. Voorthuis, jointly and severally, in the sum of $20,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT VII

### (INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS)

33. All of the allegations contained in paragraphs 1-32 are incorporated herein as if set forth verbatim.

34. As a direct and proximate result of the aforesaid intentional interference with Dr. Nguyen's business relationship with her patients by retaining possession of the Virginia Health Records, Dr. Nguyen has suffered damages of approximately $20,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. and Dr. Voorthuis, jointly and severally, in the sum of $20,000

–11–

as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT VIII

### (CONVERSION)

35. All of the allegations contained in paragraphs 1-34 are incorporated herein as if set forth verbatim.

36. As a direct and proximate result of the Company's unauthorized assumption and exercise of the right of ownership and retaining possession of the Virginia Health Records, Dr. Nguyen has suffered damages of approximately $20,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. and Dr. Voorthuis, jointly and severally, in the sum of $20,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

-12-

Larry J. Stein, Bar No. 397397
2009 N. 14th Street, Suite 708
Arlington, VA 22201
703/812-7880
703/522-1250 Fax
Attorney for Plaintiff

Allen E. Hirschmann, P.C.

BY:

Allen E. Hirschmann, Bar. No. 17012
2009 N. 14th Street, Suite 708
Arlington, VA 22201
703/812-8360
703/812-8365 Fax
Attorney for Plaintiff

## JURY DEMAND

The Plaintiff hereby demands a jury trial on all issues triable by a jury.

Larry J. Stein, Bar No. 397397
2009 N. 14th Street, Suite 708
Arlington, VA 22201
703/812-7880
703/522-1250 Fax
Attorney for Plaintiff

–13–