IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA C. NGUYEN, OD )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VOORTHUIS OPTICIANS, INC. )<br>)<br>and )<br>)<br>REBECCA VOORTHUIS, OD )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>06-cv-485 (EGS) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
DENYING DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

INTRODUCTION

I. Background

On March 9, 2006, Plaintiff, Tina C. Nguyen, an optometrist licensed in the District of Columbia, the Commonwealth of Virginia, and in the State of Maryland, filed a Complaint in the Superior Court for the District of Columbia.  In the Complaint, Plaintiff asked for a Declaratory Judgment that certain patient medical records belong to her and not to her former employer, the Defendants, Voorthuis Opticians, Inc. (the "Company"), and Rebecca Voorthuis, O.D, Defendants.  In addition, the Complaint asserted various counts relating to fraud on the part of the Company relating to Plaintiff's employment with the Company.  On March 14, 2006, Defendant removed this matter to this Court.  On April 6, 2006, Defendants filed their Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted.  On April 17, 2006, Plaintiff filed its Unopposed Motion to Postpone Her Response to Defendants' Motion to Dismiss.

Plaintiff has filed, along with this Motion and Memorandum in Support Thereof, an Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a). Under Rule 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served and the court has not decided a motion to dismiss. *Adams v. Quattlebaum*, 219 F.R.D. 195, 196 (D.D.C. 2004), citing *Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000). Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15(a). 229 F.3d at 283. The amended complaint "becomes the operative complaint due to its superseding nature." *Adams*, 219 F.R.D. at 197, citing *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884), and, at least in *Adams*, the court denies without prejudice, as moot, the pending motion to dismiss. *Id*.

II.     Facts

The Plaintiff, Dr. Tina Nguyen, was employed as an optometrist by the Defendant, Voorthuis Opticians, Inc., from May 28, 2003, when she signed the "Employment Agreement" of the same date, until January 18, 2006, when she resigned from the Company, following her receipt of a letter from the Company, dated January 18, 2006, threatening to dismiss her. Prior to Dr. Nguyen accepting employment with the Company, and because it was anticipated that she would spend most of her time in the Company's Virginia locations, Dr. Nguyen inquired of the Company whether, in light of the Virginia Code prohibition against employment of optometrists by commercial or mercantile establishments, she was permitted to be employed by the Company and provide medical services in Virginia. In response, the Company's General Manager, John Morley, a thirty-year veteran of the Company, falsely assured Dr. Nguyen that the Virginia Code prohibition did not apply based, first, on a "loophole" in the law that allowed the Company to hire optometrists because the Company was headquartered in the District of Columbia, and, second, that Rebecca Voorthuis was a licensed

optometrist, and that the Company, as a "family owned business," was thus was not subject to the Virginia code prohibition. Complaint, ¶ 5. These false statements, upon which Dr. Nguyen reasonably relied in her decision to enter into an "Employment Agreement" with the Company, are at the heart of this dispute.

Dr. Nguyen seeks, among other things, a declaratory judgment affirming her right to ownership and possession of certain patient medical records, which, under the relevant Virginia medical records statutes, belong to her as the treating physician. Second, Dr. Nguyen seeks damages based on, among other things, the Company's fraudulent inducement of the employment agreement.

**Argument**

I. Standard Applicable to a Motion to Dismiss.

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the motion should not be granted unless it appears that plaintiff can prove no set of facts entitling him or her to the relief sought in the complaint. *Campbell-El v. District of Columbia*, 881 F.Supp. 42, 43 (D.D.C. 1995). In addition, the Court "must accept as true each of the allegations in the complaint." The motion should not be granted "unless it appears that the plaintiff can prove no set of facts entitling him to the relief sought in the complaint." 881 F.Supp. at 43, citing *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). Plaintiff's allegations "must be presumed true and liberally construed in favor of the plaintiffs when reviewing the adequacy of a complaint for purposes of a Rule 12(b) motion." *Judicial Watch v. Clinton*, 880 F.Supp. 1, 7 (D.D.C. 1995), *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996).

II. Plaintiff, as Treating Physician, is a "Health Care Provider" under the Relevant Virginia Medical Records Statutes and thus Entitled to Ownership and Possession of Her Patients' Medical Records.

Ownership of medical records in the Commonwealth of Virginia is addressed in two

complementary provisions of the Code of Virginia. Medical records are the property of the "health care provider." Va. Code Ann. §§ 32.1-127.1:03; 54.1-2403.3 (Michie 2005). Both of these statutory provisions rely on the definition of "health care provider" contained in Va. Code Ann § 8.01-581.1 (Michie 2005). As Defendant concedes, Motion to Dismiss, at 6, Plaintiff, as an optometrist licensed by the Commonwealth of Virginia (Complaint ¶ 1), is a "health care provider." Even assuming, *arguendo*, that Plaintiff was, from May 28, 2003, until January 18, 2006, in technical violation of section 54.1-3205's prohibition on employment in a commercial or mercantile establishment, that status would have no impact on Plaintiff's right to ownership and possession of the medical records.

III. Defendant is not a "Health Care Provider" under Virginia Law and has No Right to Ownership and Possession of the Medical Records.

    A. According to the Complaint, Defendant Company is a Commercial Enterprise and Not a Health Care Provider.

Under the definition of "health care provider," quoted in section 8.01-581.1(vi), the Company, to meet that definition, must be engaged, "primarily," in providing health care, as opposed to commercial or mercantile services. As Defendants recognize, Motion, at 2, all facts contained in the Complaint are treated as undisputed for purposes of their Motion. *Campbell-El*, 881 F.Supp. at 42

According to Defendants, Voorthuis Opticians, Inc., is a "health care provider," for purposes of the statute. It is not. Subsection (vi) prescribes a two-part test, both parts of which must be met before a corporation can be considered a health care provider: (1) it "employs or engages" a licensed health care provider; (2) "*and* which primarily renders health care services." (Emphasis added). It is clear that, for purposes of Va. Code § 54.1-3205(A) (Michie 2005), the Company meets the definition of "commercial or mercantile

establishment." The Company is "primarily engaged in the business of selling optometric products," offering optical services in Virginia for over 30 years. Complaint ¶¶ 2,3.

Defendants' Motion is premised on their mistaken assertion that the medical records belong to the Company, the entity that provides the care. Motion, at 7. The treating physician, and not the Company, a commercial enterprise, provided the care. Therefore, the Court should deny Defendants' Motion to dismiss Counts I, II, VI, VII and VIII of the Complaint, all of which are based on Plaintiff's right to ownership and possession of the Medical Records under Virginia law.

IV. Fraud

Count IV of the Complaint alleges Fraud, based on the facts presented in Count I, paragraphs 5, 6, 13 and 14. The Company's false representations to Plaintiff amount to fraudulent conduct under the law of the District of Columbia and the Commonwealth of Virginia. A cause of action for "actual fraud" requires proof of: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Cohn v. Knowledge Connections, Inc.*, 585 S.E. 2d 578, 581 (Va. 2003). The facts alleged in the Complaint fulfill all required elements of a claim of fraud. The Company's statements were made intentionally and knowingly, with an intent to mislead. Complaint, ¶ 5.

Plaintiff, in reliance on these false assurances and misrepresentations, began working full-time for the Company on May 28, 2003. As a result of Plaintiff's reliance on these statements, she was forced to resign on January 18, 2006, following the Company threat to dismiss her. Complaint, ¶¶ 12, 13. At the time of her resignation, the Company was paying

Plaintiff an annual salary of $108,000, or $9,000 per month plus loss of benefits in damages.

The requirements to prove fraud in the District of Columbia are similar, but not identical to, those in the Commonwealth of Virginia. The "essential elements of fraud are: (1) a false representation, (2) concerning a material fact, (3) made with knowledge of its falsity and the intent to deceive or made recklessly, wither in disregard of its falsity or without positive knowledge of its truth, and (4) upon which reliance is placed." *McGowen v. Warnecke*, 739 F.Supp. 662 (D.D.C. 1990), citing *High v. McLean Financial Corp.*, 659 F.Supp. 1561 (D.D.C. 1987).

V. <u>Fraudulent Inducement</u>

The Company's misrepresentations, as described in the Complaint, ¶ 5, support the charge of fraudulent inducement of an employment contract, a cause of action recognized in the District of Columbia. *See Espaillat v. Berlitz*, 217 A.2d 655 (D.C. 1966), where the plaintiff relied to her detriment on a misrepresentation by her employer.

VI. <u>Constructive Discharge</u>

For the reasons stated, Plaintiff, faced with the demand that she report to work on January 19, 2006, or be fired, resigned. A constructive discharge occurs "when the employer deliberately makes working conditions intolerable and drives the employee into an involuntary quit." *Joyner v. Sibley Memorial Hospital*, 826 A.2d 362, 372 (D.C. 2003). Based on the Complaint, Plaintiff has satisfied the prerequisites for asserting "constructive discharge."

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order denying, without prejudice, Defendants' Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted.

Dated: April 25, 2006

          Respectfully submitted,

          _____
          Larry J. Stein Bar No. 397397
          Allen E. Hirschmann, Bar No. 17012
          2009 N. 14th Street, Suite 708
          Arlington, VA 22201
          703/812-7880
          703/522-1250 Fax
          Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that the attached Motion Denying Defendants' Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted has been served, by first class mail, postage prepaid, on

    <u>Defendants' Representative:</u>

    Daniel M. Press, Esq.
    Chung & Press, P.C.

        6723 Whittier Avenue, Suite 302
        McLean, Virginia 22101

  __April 25, 2006_____            _____
(Date)                                           Larry J. Stein
                                                            Allen E. Hirschmann
                                                            Counsel for Plaintiff