**EXHIBIT 1**



**VIRGINIA:**

## BEFORE THE BOARD OF OPTOMETRY

IN RE:     MARCIA K. LEVERETT, O.D.
          License No. 0601-001613
          *Case 92-01955 (55345)*

### CONSENT ORDER

Pursuant to §§ 9-6.14:11, 54.1-110 and 54.1-2400(8) of the Code of Virginia, an Informal Conference Committee ("Committee") of the Virginia Board of Optometry ("Board"), composed of Robin Rinearson, O.D., and Anna Weaver Carr, met with Marcia Leverett, O.D. on January 12, 1994 in Henrico County, Virginia. Marcia Leverett, O.D. appeared in person and was represented by Donna Hall, Esquire. The purpose of the informal conference was to receive and act upon evidence concerning the allegations in the Notice of Informal Conference dated December 10, 1993.

### FINDINGS OF FACT

After consideration of the evidence and statements concerning the allegations, the Committee makes the following Finding of Facts:

1.     Marcia Leverett, O.D. holds license number 0601-001613 issued by the Virginia Board of Optometry.

2.     Dr. Leverett practices optometry at 1615 General Booth Boulevard, Suite 110, Virginia Beach, Virginia, in office space that is leased by Colonial Optical Company, a mercantile establishment. Pursuant to an oral agreement with Jim Zuraf, an officer of Colonial Optical Company, Dr. Leverett pays $450.00 per month to Pembroke Commercial Realty, agent for the landlord, Farm Fresh, Inc., as rent.

3.     Dr. Leverett practices optometry at 2146 Great Neck Square, Virginia Beach, Virginia, in office space that is leased by Colonial Optical Company, a mercantile establishment. Pursuant to an oral agreement with Jim Zuraf, an officer of Colonial Optical Company, Dr. Leverett pays

M. Leverett, O.D.

$450.00 per month to Breeden Company, the agent of the landlord, as rent.

4.    In the 1992 Chesapeake and Potomac Telephone Directory, Dr. Leverett advertised her professional practice of optometry as being located at 2146 Great Neck Square and 1615 General Booth Boulevard, which are identical to the advertised locations of Colonial Optical Company. Further, calls to her office are at times received by employees of Colonial Optical Company.

5.    By her own admission, Dr. Leverett allows employees of Colonial Optical Company to dispense contact lenses from her office in her absence, and employees of Colonial Optical Company have access to her patient records in her absence.

## CONCLUSIONS OF LAW

The Board concludes that Findings of Fact #2 - 5 constitute violations of §§ 54.1-3205(A) and 54.1-3216(13) and (15) of the Code of Virginia (1950), as amended.

## CONSENT

Marcia Leverett, O.D., by affixing her signature hereon, agrees to the following:

1.    She has been advised specifically to seek the advice of counsel prior to signing this document;

2.    She is fully aware that without her consent, no legal action can be taken against her except pursuant to the Virginia Administrative Process Act, § 9-6.14:1 et seq of the Code of Virginia;

3.    She has the following rights, among others:

      a.    the right to a formal fact-finding hearing before the Board;

      b.    the right to representation by counsel; and

      c.    the right to cross-examine witnesses against her.

4.    She waives all rights to a formal hearing;

5.     She admits the truth of the above Findings of Fact; and

6.     She consents to the following Order affecting her license to practice optometry in the Commonwealth of Virginia.

## ORDER

WHEREFORE, on the basis of the foregoing Findings of Fact, Conclusions of Law, and with the consent of the licensee, it is hereby ORDERED that Marcia Leverett, O.D. be, and hereby is REPRIMANDED.

It is further ORDERED that Marcia Leverett, O.D. shall be assessed a monetary penalty of two hundred and fifty dollars ($250.00), said penalty to be paid to the Board by certified check or money order within thirty (30) days from the date of entry of this Consent Order. If said monetary penalty is not received within the prescribed deadline, an additional one hundred dollar ($100.00) monetary penalty shall be assessed weekly, up to a maximum of one thousand dollars ($1000.00). Failure to pay the full monetary penalty plus the additional assessment within one hundred (100) days of the date of entry of this Consent Order shall constitute grounds for an administrative proceeding.

Within sixty (60) days of the date of entry of this Consent Order, Dr. Leverett shall provide written documentation to the Board that she has either entered into a lease agreement which complies with all laws and regulations governing the practice of optometry, or has taken all necessary action to relocate her practice.

Pursuant to § 9-6.14:14 of the Code of Virginia, the signed original of this Consent Order shall remain in the custody of the Department of Health Professions as a public record and shall be made available for public release, inspection and copying upon request.

FOR THE BOARD:

M. Leverett, O.D.

*Stanley L. Jason, OD*
Stanley L. Jason, O.D., President

ENTERED: *MAY 19, 1994*

SEEN AND AGREED TO:

*Marcia Leverett, OD*
Marcia Leverett, O.D.

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF _Va Beach_

Subscribed and sworn to before me, a Notary Public in and for the city/county of _Va Beach_, this _9th_ day of _February_, 1994, by Marcia Leverett, O.D.

Notary Public

My Commission Expires: _8/31/97_

RECEIVED: _May 23, 1994_

BY: ~~Bernard L. Henderson, Jr., Director~~
~~Department of Health Professions~~
Robert A. Nebiker
Acting Director
Department of Health Professions    Certificate of Service

I hereby certify that a true copy of the foregoing Consent Order was mailed to Marcia Leverett, O.D. at 2212 Wild Oak Crescent, Virginia Beach, Virginia 23456, on the _24TH_ day of _MAY_, 1994.

*Elizabeth Carter, Ph.D.*
Elizabeth Carter, Ph.D.
Executive Director
Board of Optometry

APD:LEVERETT.ORD

Page 4 of 4