**EXHIBIT 3**

VIRGINIA:

## BEFORE THE BOARD OF OPTOMETRY

IN RE:    **JACK DAVID CADENHEAD, O.D.**
License No.:  0601-001687
Complaint No.:  95-01538 (55542)

## CONSENT ORDER

Pursuant to § 9-6.14:11 and § 54.1-2400(8) of the Code of Virginia, an Informal Conference Committee ("Committee") of the Virginia Board of Optometry ("Board"), composed of Lowell H. Gilbert, O.D., and Charles W. Harrill, O.D., met with Jack David Cadenhead, O.D., on December 6, 1995, in Henrico County, Virginia. Dr. Cadenhead appeared in person and was represented by Matthew D. Jenkins, Esquire, and Elizabeth P. Bruns, Esquire. Also present with Dr. Cadenhead was John Coen, O.D., an optometrist licensed in the State of California and an employee of Wal-Mart Stores, Inc.

The purpose of the Informal Conference was to receive and act upon evidence concerning the allegations in the Notice of Informal Conference dated November 7, 1995.

## FINDINGS OF FACT

After consideration of the evidence and statements concerning the allegations, the Committee makes the following Findings of Fact:

1.    Jack David Cadenhead, O.D., holds license number 0601-001687 issued by the Virginia Board of Optometry.

2.    On or about March 13, 1995, Dr. Cadenhead entered into a license/lease agreement with Wal-Mart Stores, Inc., a Delaware corporation, which owns and operates Wal-Mart Store #2089, located at 13245 Lee Highway, Bristol, Virginia.

J.D. Cadenhead, O.D.

3.    Under the license/lease agreement, Wal-Mart Stores, Inc. agreed to provide space within which Dr. Cadenhead could operate an optometry practice and in return for which Dr. Cadenhead was obligated to pay license/lease fees equal to ten percent (10%) of his professional fees from the operation of his optometric practice in the space provided.    In addition, under the license/lease agreement Wal-Mart agreed to provide certain office management services to Dr. Cadenhead, in return for which he agreed to pay an additional ten percent (10%) of his professional fees.

4.    Under the license/lease agreement, all other forms in the patient files other than the doctor exam records and patient history forms, are the sole property of the licensor/lessor.

5.    A Wal-Mart employee functions as Dr. Cadenhead's receptionist and secretary and assists him in his practice; such employee is exclusively assigned to work for Dr. Cadenhead.  Such employee collects cash or other payments from patients, answers the telephone, schedules appointments, and conducts pre-testing of patients.

6.    Dr. Cadenhead admitted that he prepared, but did not distribute, a flyer which included his name and the trade name "Wal-Mart" for the purpose of advertising the availability of his services next to the Wal-Mart Vision Center.

7.    By counsel, Dr. Cadenhead contended at the Informal Conference that the agreement with Wal-Mart was not a lease but a license, which terms define distinct legal relationships between parties.

8.    The members of the Informal Conference Committee, upon reviewing architectural plans of a Wal-Mart Store and discussing matters of patient ingress and egress, accepted Dr. Cadenhead's assertion that the space he occupied pursuant to the license agreement was not "in a

2

J.D. Cadenhead, O.D.

commercial or mercantile establishment," subject to the understanding that Wal-Mart store employees did not have access through the back door of Dr. Cadenhead's office to his office and in particular to the record of Dr. Cadenhead's patients.

## CONCLUSIONS OF LAW

The Board concludes that Findings of Fact #2 - #6 constitute a violation of § 54.1-3205(A) and § 54.1-3215(12), (15) and (16) of the Code of Virginia (1950), as amended.

## CONSENT

Jack David Cadenhead, O.D., by affixing his signature hereon, agrees to the following:

1.    He has been advised specifically to seek the advice of counsel prior to signing this document;

2.    He is fully aware that without his consent, no legal action can be taken against him except pursuant to the Virginia Administrative Process Act, § 9-6.14:1 et seq of the Code of Virginia;

3.    He has the following rights, among others:

    a.    the right to a formal fact-finding hearing before the Board;

    b.    the right to representation by counsel; and

    c.    the right to cross-examine witnesses against him.

4.    He waives all rights to a formal hearing;

5.    He admits the truth of the above Findings of Fact; and

6.    He consents to the following Order affecting his license to practice optometry in the Commonwealth of Virginia.

J.D. Cadenhead, O.D

## ORDER

WHEREFORE, on the basis of the foregoing Findings of Fact, Conclusions of Law, and with the consent of the licensee, it is hereby ORDERED that Jack David Cadenhead, O.D., be, and hereby is REPRIMANDED.  It is further ORDERED that:

1.    Dr. Cadenhead shall cease and desist from practicing optometry as a licensee of Wal-Mart Stores, Inc.  Dr. Cadenhead shall be subject to an unannounced inspection within six (6) months from the date of entry of this Consent Order.  Said inspection will include an inspection of Dr. Cadenhead's lease agreement in addition to an inspection of the physical premises to ensure compliance with the statutes and regulations governing the practice of optometry in the Commonwealth of Virginia.

2.    Dr. Cadenhead shall employee his own employees (s) for the purpose of assisting him in his practice and shall not rely upon the employees of Wal-Mart Stores, Inc. for the operation of his professional practice.

3.    Dr. Cadenhead shall be assessed a monetary penalty of FIVE HUNDRED DOLLARS ($500.00), said penalty to be paid to the Board by certified check or money order within thirty (30) days from the date of entry of this Consent Order. If said monetary penalty is not received within the prescribed deadline, an additional ONE HUNDRED DOLLAR ($100.00) late fee shall be assessed weekly, up to a maximum of ONE THOUSAND DOLLARS ($1000.00). Failure to pay the full monetary penalty plus the additional assessment within one hundred (100) days of the date of entry of this Consent Order shall constitute grounds for an administrative proceeding.

4.    Dr. Cadenhead shall maintain a course of conduct commensurate with the requirements of Chapter 32, Title 54.1 of the Code of Virginia (1950), as amended, and the Regulations of the

4

J.D. Cadenhead, O.D.

Board of Optometry.

Any violation of the foregoing terms and conditions of this Consent Order or any statute or regulation governing the practice of optometry in the Commonwealth of Virginia shall constitute grounds for the suspension or revocation of the license of Jack David Cadenhead, O.D., and an administrative proceeding shall be convened to determine whether Dr. Cadenhead's license to practice optometry in the Commonwealth shall be suspended or revoked.

Pursuant to § 9-6.14:14 of the Code of Virginia, the signed original of this Consent Order shall remain in the custody of the Department of Health Professions as a public record and shall be made available for public release, inspection and copying upon request.

FOR THE BOARD:

Charles W. Harrill, O.D.
President

Please see cover letter

SEEN AND AGREED TO:                    ENTERED: 7/12/96

Jack David Cadenhead, O.D.

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF _BRISTOL_

Subscribed and sworn to before me, a Notary Public in and for the city/county of ___BRISTOL___, this _15_ day of _MAY_, 1996, by Jack David Cadenhead, O.D.

Notary Public

My Commission Expires: _63098_

5

J.D. Cadenhead, O.D.

RECEIVED: _July 25, 1996_

BY: _John W. Hasty_
John W. Hasty, Director
Department of Health Professions

## Certificate of Service

I hereby certify that a true copy of the foregoing Consent Order was mailed to Jack D. Cadenhead, c/o Matthew D. Jenkins, Esquire, at Hunton & Williams, Riverfront Plaza, 951 East Byrd Street, Richmond, Virginia 23219, on the _29th_ day of _July_, 1996.

_Elizabeth A. Carter, PhD_
Elizabeth A. Carter, Ph.D.
Executive Director
Board of Optometry

6