IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TINA C. NGUYEN, O.D.

      Plaintiff,

v.

VOORTHUIS OPTICIANS, INC., et al.,

      Defendants.

Civil Action No. 06-cv-485 (EGS)

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

NOW COME Defendants, Voorthuis Opticians, Inc., and Rebecca Voorthuis, by counsel, and submit this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

### CONFLICTS PRINCIPLES

Because all matters involved in this matter took place in Virginia, there is no question that Virginia law applies, as Plaintiff appears to concede.

### OWNERSHIP OF RECORDS

Defendants do not dispute that Plaintiff is a health care provider. But that does not mean, under Virginia law, that she *personally* has to keep the health care records. It would make no sense to require *every* health care provider – every doctor, nurse, optometrist, optician, etc., -- to maintain separate records. Rather, the *practice* is required to maintain the records – the partnership or corporation, firm, the hospital, etc. In other words, Plaintiff's employer, Voorthuis Opticians, Inc., is required to -- and does – maintain the records.

As for whether Voorthuis Opticians, Inc., is a commercial or mercantile establishment, Plaintiff presents nothing other than her misplaced argument to assert that it is, and that it is not primarily engaged in providing health care services. Virginia law is clear that dispensing prescription eyeglasses is not mercantile – the sale of merchandise. *Ritholz v. Commonwealth,* 35

S.E.2d 210, 184 Va. 339, 359 (1945) (facts showing that glasses sold on prescription only, to treat visual defects, "establish the fact that they are not selling the articles enumerated as merchandise"). The fact that there is a *consent order* (i.e., non-adjudicated disposition) of an *administrative agency* that has no jurisdiction over Voorthuis Opticians to the effect that an optometrist agreed that an optician is a mercantile establishment makes no difference. These are non-precedential and do not constitute a determination of the law of Virginia. And it is noteworthy that while in the *Cadenhead* consent order, Exhibit 3 to the Opposition, the parties agreed and the board ordered that the lease agreement giving Wal-Mart ownership of the records was a violation of Dr. Cadenhead's obligations, there was no finding that the records in fact belonged to Dr. Cadenhead instead of Wal-Mart. As for whether this issue can be resolved at the pleading stage, paragraphs 2-3 establish that Voorthuis is primarily engaged in dispensing prescription eyeglasses – precisely what *Ritholz* establishes is not commercial or mercantile.

BREACH OF CONTRACT

Plaintiff confuses the Defendants' arguments on her fraud claim with those on her contract claim. Count III is a contract claim. Plaintiff asserts on pages 13-14 that "she is not suing based on a breach of her employment contract *per se,*" but on a tort claim. This statement concedes, effectively, that the contract claim must be dismissed.

FRAUD

Plaintiff cites cases that discuss the difference between statements of fact and opinion as the basis for a fraud claim. But this misses the point. Defendants here do not assert that the statement is one of *opinion* as opposed to a statement of fact. Rather, the issue here is that one of the three statements (that about the "loophole" in the law) is a statement of *law,* not of fact. Statements of law, false or not, are simply not actionable as fraud. *Hicks v. Wynn,* 137 Va. 186, 119 S.E. 133 (1923). The other two statements relied on, that Rebecca Voorthuis is an optometrist, and that Voorthuis Opticians is a family owned business, are, by Plaintiff's own

admission, *true*.  Thus, there is no fraud.

CONSTRUCTIVE DISCHARGE

Yet again, Plaintiff misses the point.  Plaintiff asserts that telling her to work in D.C. where there was no malpractice coverage (a questionable assertion at best, but taken here at face value) is a constructive discharge.  So what?  Defendant could have simply fired her. She was, admittedly, an at-will employee.  A constructive discharge simply means that the law considers her to have been fired (constructively fired).  But if Defendants had the *right* to fire her – she was an at-will employee who refused to show up for work – then they had the right to take lesser action (giving her the choice of transferring to D.C. or being fired), and either way she would have no cause of action.  Plaintiff presents no response to the argument that because her employment was at will, and she does not assert a viable claim to an exception to the at-will employment doctrine, she has no claim for "constructive discharge".

CLAIMS AGAINST REBECCA VOORTHUIS

Finally, Plaintiff completely ignores the section of the motion seeking dismissal of all claims against Rebecca Voorthuis because no claim is stated against her.  In her opposition, Plaintiff only mentions Rebecca Voorthuis (Dr. Voorthuis) with respect to what Mr. Morley allegedly said about her – not about anything she personally said or did.  Plaintiff's silence is telling, and should be deemed a concession that this action should be dismissed as against her.

WHEREFORE, for the foregoing reasons, and as stated in their principal brief, because Plaintiff's complaint (which she has already tried once to amend to cure the deficiencies) fails to state a claim on which relief may be granted, Defendants respectfully request that the Motion to Dismiss be granted.[1]

Dated: June 12, 2006.

---

[1] Because Plaintiff already tried once to amend to fix the deficiencies, she should not be given further leave to amend.  This action should simply be dismissed with prejudice.

Respectfully submitted,


  /s/ Daniel M. Press
Daniel M. Press  #419739
CHUNG & PRESS, P.C.
6723 Whittier Ave., Suite 302
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Defendants