IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TINA C. NGUYEN, OD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 06-cv-485 (EGS) |
| VOORTHUIS OPTICIANS, INC. | ) | Status Conference: Feb. 28, 2008, |
| | ) | 1:00 p.m. |
| Defendant. | ) | |

## AMENDED COMPLAINT

### COUNT ONE

(DECLARATORY JUDGMENT)

1. The Plaintiff, Tina C. Nguyen, OD (now "Dr. Tina N. Burr"), is an optometrist licensed to practice in several states including the District of Columbia and the Commonwealth of Virginia.

2. Upon information and belief, the Defendant, Voorthuis Opticians, Inc. (the "Company") is a District of Columbia corporation primarily engaged in the business of selling optometric products. At all times referred to herein, the Company had commercial retail space in Virginia, Maryland, and the District of Columbia, and would be considered a "commercial or mercantile establishment" as that term is defined in section 54.1-3205 of the 1950 Code of Virginia, as amended: According to its website, http://www.voorthuis.com, Voorthuis "proudly displays a wide selection of designer, traditional and innovative eyewear for your prescription and sunglass use. Voorthuis is distinguished from the competition by stocking a large inventory of the very best eyeglass frames, by the elite Voorthuis staff, and by their top-notch laboratory. At all seven locations [two Virginia locations] you will find many

examples in stock of the best frames. Many opticians and eyeglass stores only stock a few examples of your favorite designer, but not Voorthuis. The main laboratory . . . contains the most modern and cutting edge equipment and is staffed by skilled technicians. This combination results in a superior lens custom crafted for your eyewear. The highest quality lenses are used including Zeiss, Varilux and Pentax. One specialty is the high-index lens, so that a pair of eyeglasses can be very thin and lightweight." (Exhibit 1). At all times referred to herein, the Company has never been a health care entity or a health care provider, as those terms are defined in the <u>Code of Virginia</u>.

3. Upon information and belief, the Company has offered optical services in Virginia for a period of time in excess of 30 years. The Company mainly and chiefly provides commercial or mercantile, and not health care services. For example, upon information and belief, at the Company's Old Towne Alexandria, Virginia location for 2005, gross sales for commercial products -- including frames, lenses and contact lenses – were in excess of $1 million. At the same location in 2005, fees for optometric services totaled approximately $95,000.00.

4. Upon information and belief, the Defendant, Rebecca Voorthuis (Dr. Voorthuis), is an optometrist licensed to practice in the Commonwealth of Virginia..

5. Prior to Dr. Nguyen accepting employment with the Company, and because it was anticipated that she would spend most of her time in the Company's Virginia locations, Dr. Nguyen inquired of the Company whether, in light of the Virginia Code prohibition against employment of optometrists by commercial or mercantile establishments, she was permitted to be employed by the Company and

provide medical services in Virginia. In response thereto, the Company's General Manager, John Morley, a thirty-year veteran of the Company, intentionally, maliciously, fraudulently, and in reckless disregard of the truth, and with the intent to deceive and mislead Dr. Nguyen, falsely assured Dr. Nguyen that the Virginia Code prohibition did not apply based, first, on a "loophole" in the law that allowed the Company to hire optometrists because the Company was headquartered in the District of Columbia, and, second, that Rebecca Voorthuis was a licensed optometrist, and that the Company, as a "family owned business," was thus was not subject to the Virginia code prohibition. The only reason for the latter statement was to mislead Dr. Nguyen into believing that Dr. Voorthuis owned the "family owned business"; thus Dr. Nguyen would be employed by Dr. Voorthuis, an optometrist – and not by the Company – and that the Virginia Code prohibition would not, therefore, apply to Dr. Nguyen. On January 7, 2006, Rebecca Voorthuis admitted that her father, Albert Voorthuis, President, owns the Company. At the time the aforesaid misrepresentations were made to Dr. Nguyen, Mr. Morley knew, or should have known, that his representations, on behalf of the Company, were false. At the time he made these statements, Mr. Morley concealed from Dr. Nguyen his knowledge that Albert Voorthuis and not Albert's daughter, Rebecca, owned the Company.

6. John Morley, as General Manager of the Company, was the lawful representative and agent of the Company.

7. In reliance upon the aforesaid misrepresentations, Dr. Nguyen accepted the Company's offer of employment, and became a full-time employee of the Company when she entered into a contract of

employment, entitled "Employment Agreement," dated May 28, 2003. Under the terms of the Employment Agreement, the Company agreed to pay Dr. Nguyen $91,000 per year; to provide 17 paid days leave per year, including vacation, sick time and time needed for continuing education credits; to offer its Healthcare and 401K programs; and to pay for and carry professional liability insurance. Dr. Nguyen began working for the Company on a full-time basis on May 28, 2003, pursuant to the "Employment Agreement," and continued in that position until January 18, 2006.

8. Dr. Nguyen was entitled to rely on Mr. Morley's representations. First, Dr. Nguyen, during the period of time from March 17 until May 28, 2003, Dr. Nguyen was employed by the Company on a part-time basis at the Company's locations in the District of Columbia, Maryland, and Virginia. Prior to signing the "Employment Agreement" on May 28, 2003, Dr. Nguyen had, on numerous occasions, had observed Rebecca Voorthuis providing optometric services to patients in the Company's Reston, Virginia location. When, in May, 2003, Dr. Nguyen inquired of Mr. Morley whether she could, in light of the Virginia statutory prohibition on employment of optometrists by commercial or mercantile establishments, legally be employed by the Company as an optometrist at its Virginia locations, she was thus aware that Rebecca Voorthuis had been providing patient care in the same manner and in light of the same statutory prohibition. Dr. Nguyen, in short, had no reason to think that the Company's President, Albert Voorthuis, would place his own daughter, Rebecca, in legal jeopardy by employing her contrary to Virginia law in his own commercial establishment. This circumstance explains Dr. Nguyen's reasonable reliance on Mr. Morley's factual misrepresentations. In addition, Dr. Nguyen relied on Mr. Morley's long, thirty-year tenure with the Company.

9. From May 28, 2003, until January 18, 2006 (the "Employment Period"), the overwhelming majority of Dr. Nguyen's time practicing optometry for the Company occurred at the Company's location in Old Towne Alexandria at 530 King Street, Alexandria, Virginia 22314.

10. During the Employment Period, Dr. Nguyen treated several thousand patients at the Company's Virginia locations ("Virginia Patients"), and maintained a separate health record file for each of the Virginia Patients. Each one of the thousands of health record files of the Virginia Patients consisted of an initial intake page containing general information about the patient including his or her past medical history, a second page reflecting the result of Dr. Nguyen's medical examination, and one or more pages for each subsequent visit by the patient consisting of a shorter version of the initial intake page. Collectively, these health records, in which Dr. Nguyen was the only optometrist providing medical services, shall hereinafter be referred to as the "Virginia Health Records." While employed by the Company, Dr. Nguyen kept the Virginia Health Records at the Company's Virginia locations, but, at all times, the Virginia Health Records were the property of Dr. Nguyen.

11. On or about January 6, 2006, Dr. Nguyen was informed that, because she was practicing optometry as an employee of the Company and not as an employee of Dr. Voorthuis, she was in violation of the Virginia statute prohibiting employment by commercial or mercantile establishments. Immediately thereafter, when Dr. Nguyen confronted the Company with this information, the Company, through Rebecca Voorthuis, reiterated its previous position that a "loophole" in the law allows the Company to

hire optometrists because the Company is headquartered in the District of Columbia. On January 7, 2006, Mr. Morley told Dr. Nguyen that her employment with the Company, a commercial or mercantile establishment for purposes of the Virginia Code prohibition, was "not a problem and that she should continue as you have been for the past 2½ years."

12. Effective January 7, 2006, Dr. Nguyen ceased treating any of her patients, while she waited for the Company to act on its assurance that it would quickly effect a corporate change to bring it into compliance with Virginia law. As of this date, the Company was satisfied with Dr. Nguyen's work, and had no present intent to terminate her employment.

13. On January 12, 2006, Dr. Nguyen informed the Company that she would not report for work in its District of Columbia location because the Company could not offer legal assurance that she was protected by the Company's medical malpractice insurance policy.

14. On January 18, 2006, Dr. Nguyen was threatened with dismissal by the Company unless she reported for work on January 19, 2006, based upon the Company's position that her refusal to report for work "will mean [she has] decided to abandon your position with our organization, and we will be forced to respond accordingly."

15. On January 18, 2006, following the Company's threat to dismiss her, Dr. Nguyen resigned from the Company.

16. At the time of her resignation, the Company was paying Dr. Nguyen an annual salary of $108,000.

17. Pursuant to Regulations issued by the Virginia Board of Optometry, a licensed optometrist, such as Dr. Nguyen, must "maintain records on each patient" for at least five years.

18. Pursuant to Code of Virginia §§ 8.01-581.1, 32.1-127.1:03, and 54.1-2403.3, the Virginia Health Records belong to and are the property of Dr. Nguyen.

19. By letter dated January 26, 2006, to the Company, Dr. Nguyen demanded, among several items, possession of the Virginia Health Records so that she can fulfill her obligations to those patients under the Virginia statute and regulations.

20. By letter dated February 2, 2006, the Company rejected Dr. Nguyen's demand for the Virginia Health Records, declaring that the medical records "are and will remain in the custody of Rebecca Voorthuis, O.D." The Company and/or Dr. Voorthuis have taken exclusive possession of the Virginia Health Records without proper justification or process, and presently retain physical possession of those records.

21. Rebecca Voorthuis is not the treating physician with respect to the patients identified in the Virginia Health Records, and has no ownership interest or rights in the Virginia Health Records under Virginia

law.  Rebecca Voorthuis is joined as a party defendant in this case, however, solely based upon the written representation by counsel for the Company that Rebecca Voorthuis somehow has obtained possession of the Virginia Health Records.  If that representation is true, Rebecca Voorthuis's presence, as a party, would be required for the Court to have all persons before it in order to provide complete relief with respect to the right to the Virginia Health Records.

22.  Ownership and control of the Company's two Virginia locations, in Reston, and in Old Towne Alexandria, as well as the patient health records located there, passed from Defendant to a new company, Dr. Voorthuis, O.D. & Associates, P.C., headquartered at 530 King Street, Alexandria, Virginia, in February, 2006.  Dr. Rebecca Voorthuis is the President of Dr. Voorthuis, O.D. & Associates, P.C.

23.  The original patient health records, which are the subject of this action, no longer are in the physical possession of Defendant, Voorthuis Opticians, Inc., but are located at 530 King Street, Alexandria, Virginia, and at 11900 Market Street, Reston, Virginia.

24. The Company and Dr. Voorthuis, on behalf of Dr. Voorthuis, O.D. & Associates, P.C., have created copies of the patient health records which belong to Dr. Nguyen, with the copies having been placed at Defendant's headquarters location on New Mexico Avenue, N.W. ("Foxhall"), in Washington, D.C., and the originals remaining in the Alexandria and Reston, Virginia locations.

WHEREFORE, the premises considered, Dr. Nguyen requests that the Court enter an order declaring that the Virginia Health Records, including the originals and all copies, are the property of Dr. Nguyen, and that the Company and/or Dr. Voorthuis promptly deliver the Virginia Health Records to Dr. Nguyen, and that all costs be assessed against Defendants.

### COUNT II

(DETINUE)

25. All of the allegations contained in paragraphs 1-24 are incorporated herein as if set forth verbatim.

26. Based upon the foregoing, the Company and/or Dr. Voorthuis improperly maintain possession of the Virginia Health Records, and have refused to turn them over to Dr. Nguyen.

27. Dr. Nguyen is entitled to the immediate possession of the Virginia Health Records.

WHEREFORE, the premises considered, Dr. Nguyen demands that the Court enter a judgment in her favor and against the Company and Dr. Voorthuis for possession of the Virginia Health Records, and assess all costs against Defendants.

## COUNT III

### (BREACH OF CONTRACT)

28. All of the allegations contained in paragraphs 1-27 are incorporated herein as if set forth verbatim.

29. Dr. Nguyen and the Company entered into a contract of employment when they executed the "Employment Agreement" dated May 28, 2003. Dr. Nguyen honored the terms of that contract of employment until she was forced to resign (constructively discharged) on January 18, 2006.

30. The aforesaid representations made to Dr. Nguyen by Mr. Morley, on behalf of the Company, immediately prior to her employment by the Company, constitute a breach by the Company of the parties' "Employment Agreement," and, in particular, the implied covenant of good faith and fair dealing.

31. As a result of the foregoing breach of contract, Dr. Nguyen has suffered damages in the sum of $27,000, and continues to suffer damages in the sum of $9,000 a month.

WHERFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $27,000, plus $9,000 a month until judgment is entered, interest, and costs of this litigation.

## COUNT IV

(FRAUD)

32. All of the allegations contained in paragraphs 1-31 are incorporated herein as if set forth verbatim.

33. As a direct and proximate result of the aforesaid intentional, malicious, and false representations by John Morley, on behalf of the Company, as set forth in paragraph 5 above, in reckless disregard of the truth, and with the intent to deceive and mislead Dr. Nguyen about material facts – the "loophole" and Rebecca Voorthuis's purported ownership of the "family-owned corporation" -- and upon which Dr. Nguyen reasonably relied to her detriment, Dr. Nguyen has suffered damages of approximately $9,000 per month, and will continue to incur damages of $9,000 a month until judgment is entered, plus, during this period of time, loss of the Company's contribution to her health insurance and 401(k) retirement plan, all in the approximate sum of $130,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $130,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT V

(Constructive Fraud)

34. All of the allegations contained in paragraphs 1-33 are incorporated herein as if set forth verbatim.

35. In the alternative, as a direct and proximate result of the aforesaid and negligent misrepresentations by the Company, as set forth in paragraph 5 above, in reckless disregard of the truth, concerning material facts – the "loophole" and Rebecca Voorthuis's purported ownership of the "family-owned corporation" -- and upon which Dr. Nguyen reasonably relied, Dr. Nguyen has suffered damages of approximately $9,000 per month, and will continue to incur damages of $9,000 a month until judgment is entered, plus, during this period of time, loss of the Company's c contribution to her health insurance and 401(k) retirement plan, all in the approximate sum of $130,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $130,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT VI

(Fraudulent Inducement)

36. All of the allegations contained in paragraphs 1-35 are incorporated herein as if set forth verbatim.

37. Mr. Morley's misrepresentations and false reassurances, made on behalf of the Company in his capacity as General Manager, and upon which Dr. Nguyen relied, caused Dr. Nguyen to accept the Company's offer of employment, as reflected in the "Employment Agreement" dated May 28, 2003, constituted a fraudulent inducement to enter the employment contract.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $130,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT VII

(CONSTRUCTIVE DISCHARGE)

38. All of the allegations contained in paragraphs 1-37 are incorporated herein as if set forth verbatim.

39. The notice of termination dated January 18, 2006, was in violation of public policy. That notice, in conjunction with Mr. Morley's comments of January 7, 2006, were an attempt to force Dr. Nguyen to continue her employment in the face of the warning she had received on January 6, 2006, that her employment was contrary to law. Moreover, the notice of termination, prepared by the Company, was an attempt to force her to continue her employment notwithstanding that Dr. Nguyen had informed the Company that her possible violation of the Virginia statute prohibiting employment of optometrists in commercial and mercantile establishments had placed in jeopardy her medical malpractice coverage, to

the possible detriment of her patients as well as herself. These actions by her employer were deliberate and created intolerable working conditions.

40. As a result of the foregoing, Dr. Nguyen has suffered damages of approximately $9,000 per month, and will continue to incur damages of $9,000 a month until judgment is entered, plus, during this period of time, loss of the Company's contribution to her health insurance and 401(k) retirement plan, all in the approximate sum of $130,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. in the sum of $130,000, interest, and costs of this litigation.

## **COUNT VIII**
(UNLAWFUL SEIZURE AND/OR DETENTION OF PROPERTY)

41. All of the allegations contained in paragraphs 1-40 are incorporated herein as if set forth verbatim.

42. The aforesaid actions of the Company and/or Dr. Voorthuis by refusing to give the Virginia Health Records to Dr. Nguyen, and to claim that those records do not belong to Dr. Nguyen, is indicative of the Company's and/or Dr. Voorthuis' willful disregard of the rights of Dr. Nguyen.

43. As a direct and proximate result of the aforesaid willful disregard of Dr. Nguyen's rights by the Company and/or Dr. Voorthuis, Dr. Nguyen has suffered damages of approximately $20,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. and Dr. Voorthuis, jointly and severally, in the sum of $20,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

### COUNT IX

(INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS)

44. All of the allegations contained in paragraphs 1-43 are incorporated herein as if set forth verbatim.

45. As a direct and proximate result of the aforesaid intentional interference with Dr. Nguyen's business relationship with her patients by retaining possession of the Virginia Health Records, Dr. Nguyen has suffered damages of approximately $20,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. and Dr. Voorthuis, jointly and severally, in the sum of $20,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

## COUNT X

(CONVERSION)

46. All of the allegations contained in paragraphs 1-45 are incorporated herein as if set forth verbatim.

47. As a direct and proximate result of the Company's unauthorized assumption and exercise of the right of ownership and retaining possession of the Virginia Health Records, Dr. Nguyen has suffered damages of approximately $20,000.

WHEREFORE, the premises considered, Dr. Nguyen demands judgment against Voorthuis Opticians, Inc. and Dr. Voorthuis, jointly and severally, in the sum of $20,000 as compensatory damages, $500,000 as punitive damages, interest, and costs of this litigation.

_____
 Larry J. Stein, Bar No. 397397
2009 N. 14th Street, Suite 708
Arlington, VA 22201
703/812-7880
703/424-7670 Fax
Attorney for Plaintiff


BY:_____
Larry J. Stein  Bar. No. 397397
2009 N. 14th Street, Suite 708
Arlington, VA 22201
703/812-7880
703/424-7670 fax
Attorney for Plaintiff

## **JURY DEMAND**

The Plaintiff hereby demands a jury trial on all issues triable by a jury.

                                            _____
                                            Larry J. Stein, Bar No. 397397
                                            2009 N. 14th Street, Suite 708
                                            Arlington, VA 22201
                                            703/812-7880
                                            703/522-1250 Fax
                                            Attorney for Plaintiff