IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA C. NGUYEN, O.D. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> VOORTHUIS OPTICIANS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-cv-485 (EGS) <br> Status Conference: Feb. 28, 2008, <br> 1:00 p.m. |

PLAINTIFF'S MOTION TO JOIN
A NECESSARY PARTY DEFENDANT PURSUANT TO RULE 19

Plaintiff, Dr. Tina Nguyen, O.D., files this Motion to join as a necessary party Defendant Voorthuis Opticians, Inc., O.D., 530 King Street, Alexandria, Virginia, pursuant to Fed R. Civ. P. 19(a). The reasons for this Motion are contained in the accompanying Plaintiff's Memorandum in Support of Her Motion to Join A Necessary Party Pursuant to Rule 19. Plaintiff's counsel has conferred with counsel for Defendant, pursuant to LCvR7(m), who advises that Defendant *opposes* this Motion.

Respectfully submitted,

_____
Larry J. Stein, Bar No. 397397
2009 N. Fourteenth Street, Suite 708
Arlington, Virginia 22201
703/812-7880
703/424-7670 (facsimile)
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA C. NGUYEN, O.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-cv-485 (EGS) |
| ) | Status Conference, Feb. 28, 2008, |
| ) | 1:00 p.m. |
| VOORTHUIS OPTICIANS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION
TO JOIN A NECESSARY PARTY DEFENDANT PURSUANT TO RULE 19

BACKGROUND

Plaintiff, Dr. Tina Nguyen, O.D., brought this action against Defendant, Voorthuis Opticians, Inc., O.D., asserting claims of fraud, breach of contract, and constructive discharge related to her employment at Voorthuis Opticians, Inc. (the "Company").  Plaintiff also asserted several property claims related to certain patient health records she maintained while employed by Defendant.  Defendant filed its motion to dismiss the Plaintiff's Amended Complaint, and Plaintiff filed her Response.  In its Order granting in part and denying in part Defendant's Motion, the Court determined that Plaintiff's claims of breach of contract, constructive discharge, and all claims against Dr. Rebecca Voorthuis had not been sufficiently justified. Plaintiff, according to the Court, had, however, stated sufficient facts to support her property claims related to the patient health records, as well as her claims of actual fraud, constructive fraud, and fraudulent inducement.

-2-

FACTS

From May 28, 2003, through January 18, 2006, the "Employment Period," the overwhelming majority of Plaintiff's time practicing optometry for the Company occurred at its location at 530 King Street, Alexandria, Virginia.  Am. Comp. Para. 9, 10.  The Company operated another location in Reston, Virginia, where Plaintiff worked only occasionally.  Most of the patient health records which Plaintiff claims as her own have been located in Alexandria.  A smaller number of these patient health records have been located at the Company's Reston, Virginia location.

This Motion is necessary because Plaintiff has received information, through discovery, that ownership and control of the Company's two Virginia locations, in Reston, and in Old Towne Alexandria, as well as the patient health records located there, passed from Defendant to a new company, Dr. Voorthuis, O.D. & Associates, P.C., headquartered at 530 King Street, Alexandria, Virginia, in February, 2006.[1]  Dr. Rebecca Voorthuis is the President of Dr. Voorthuis, O.D. & Associates, P.C.  Deposition of Rebecca Voorthuis, at 4, 9 (Jan. 7, 2008) ("Voorthuis Deposition") (Attached as Exhibit 3).

According to Dr. Voorthuis, the patient health records associated with patients Plaintiff treated at the King Street, Alexandria location, and which Plaintiff alleges belong to her, were transferred to Dr. Voorthuis's new company in February, 2006.  These files are located at 530

---

[1] Plaintiff attempted to determine, much earlier, whether a sale had indeed taken place.  Plaintiff's counsel asked counsel for Defendant for "written assurance that medical records that are the subject of the pending litigation -- and whose ownership is claimed by my client -- are preserved, intact, at the Reston location, and are not included in any sale of that location, or any other location."  Exhibit 1, Letter from Larry J. Stein, Esq. to Daniel M. Press, Esq. (May 11, 2007).  Mr. Press replied that "there is no imminent sale of the Reston location."  Exhibit 2, E-Mail Communication, Daniel Press to Larry Stein (May 22, 2007).  Of course the change in ownership structure already

-3-

King Street, Alexandria, Virginia. Voorthuis Deposition, at 10, 21; Deposition of John R. Morley, General Manager, Voorthuis Opticians, Inc., at 90 (Dec. 12, 2007) ("Morley Deposition") (Exhibit 4).

According to Dr. Voorthuis, the patient health records associated with patients Plaintiff treated at the Reston, Virginia location, and which Plaintiff alleges belong to her, were transferred to Dr. Voorthuis's new company in February, 2006. These files, as of January 7, 2008, are located at the Reston, Virginia location. Voorthuis Deposition, at 10, 22. Because, based on the deposition testimony of Dr. Voorthuis and Mr. Morley, the original patient health records, which are the subject of this action, no longer are in the physical possession of Defendant, Voorthuis Opticians, Inc., the new company, Dr. Voorthuis, O.D. & Associates, P.C., must be added as a necessary party defendant, pursuant to Fed. R. Civ. P. 19(a)(1).

Additionally, through discovery, Plaintiff has learned that the Defendant, and Dr. Voorthuis, on behalf of Dr. Voorthuis, O.D. & Associates, P.C., have created copies of the patient health records which are the subject of this lawsuit, with the copies having been placed at Defendant's headquarters location on New Mexico Avenue, N.W. ("Foxhall"), in Washington, D.C., and the originals remaining in the Alexandria and Reston, Virginia locations. Exhibit 3, Voorthuis Deposition, at 12-22; Morley Deposition, at 90. Defendant's counsel has, however, provided information inconsistent with his clients' deposition testimony. According to counsel, "all original files are at Foxhall." E-mail communication from Daniel Press to Larry J. Stein, January 29, 2008 (attached as Exhibit 5).[2]

---

had occurred, unbeknownst to Plaintiff, in February, 2006.
[2]Defendants' counsel in addition informed Plaintiff's counsel, on January 29, 2008, that the Reston property had been sold – by Dr. Voorthuis, O.D. & Associates, P.C. – to a third party. Plaintiff's counsel has determined that the

Simultaneous with the filing of this Motion, Plaintiff is seeking leave from the Court to file an amended complaint reflecting, first, the transfer of the Old Towne Alexandria and Reston properties from Voorthuis Opticians, Inc., to Dr. Voorthuis, O.D. & Associates, P.C., and, second, Plaintiff's position that her ownership of the patient medical records pursuant to Virginia law encompasses both originals and any copies of such records, wherever located.

## DISCUSSION

Under Fed. R. Civ. P. 19(a)(1)(A), a party is necessary if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may" either "(i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *Corsi v. Eagle Publishing, Inc.*, 2008 U.S. Dist. LEXIS 6257, at *8 (D.D.C. Jan. 30, 2008). Only one of the above elements, however, is required to meet the Rule 19(a) test. *Id*. Plaintiff has satisfied the requirements of Rule 19(a)(1)(A). Without the participation of the necessary defendant, Dr. Voorthuis, O.D. & Associates, P.C., complete relief would not be possible in the event that Plaintiff prevails; according to the sworn statements of both Dr. Voorthuis and Mr. Morley, the patient medical records are located at the Old Towne Alexandria and Reston, Virginia locations, which are owned by Dr. Voorthuis, O.D. & Associates, P.C., and not by Defendant Voorthuis Opticians, Inc.

---

proposed sale has yet to take place.

Plaintiff's counsel has conferred with counsel for Defendant, pursuant to LCvR7(m), who advises that Defendant *opposes* this Motion.

## CONCLUSION

For the reasons mentioned Plaintiff, respectfully, requests that the Court grant the instant Motion.

Respectfully submitted,

_____
Larry J. Stein, Bar No. 397397
2009 N. Fourteenth Street, Suite 708
Arlington, Virginia 22201
703/812-7880
703/424-7670 (facsimile)
Counsel for Plaintiff